UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KONRAD ("KURT") GECKLER,<br><br>  Plaintiff,<br><br> v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC., and NAVISITE OPCO LLC,<br><br>  Defendants. | CIVIL ACTION NO.<br>1:22-cv-01799-JPB |

### ORDER

This matter is before the Court on Plaintiff Konrad Geckler's ("Geckler") Motion to Remand ("Motion"). ECF No. 4. After due consideration of the Motion, the Court finds as follows:

### I. BACKGROUND

Geckler filed a complaint against Defendants Velocity Technology Solutions, Inc. and Navisite OPCO, LLC ("Navisite OPCO") (collectively "Defendants") in the Superior Court of Fulton County. Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1332, asserting that complete diversity of citizenship exists between the plaintiff and defendants and that the amount in controversy exceeded $75,000. Defendants' notice of removal, however, alleged

only that "the LLC members of . . . Navisite OPCO are not citizens of the state of Georgia."

Geckler filed the instant Motion seeking remand of the action to state court because he contends that Defendants failed to properly allege the citizenship of the various members of Navisite OPCO.

In response, Defendants acknowledged that to properly allege the citizenship of an LLC, they must list the citizenship of all members of the LLC. Therefore, they filed an amended notice of removal that provided additional information regarding the relationship and citizenship of entities in Navisite OPCO's family tree.

However, Geckler's reply brief identified new purported deficiencies in the citizenship allegations of Defendants' amended notice of removal. For example, Geckler asserted that Defendants did not provide complete citizenship information for entities such as Dickinson & Associates, Inc. ("Dickinson") and Velocity Holdings Corp ("Velocity Corp."), which are members of NaviSite, LLC, which in turn is a member of Navisite OPCO. The amended notice of removal states only that Dickinson is an Illinois corporation and that Velocity Corp. is a citizen of Delaware.

Since these deficiencies were necessarily raised in Geckler's reply brief for the first time, and Defendants therefore did not have an opportunity to address them, the Court gave Defendants seven days to respond either in a surreply brief or by further amendment of their notice of removal. The Court's Order stated that if Defendants failed to address Geckler's contentions, the Court would assume that Defendants do not dispute them.

## II.     ANALYSIS

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). The removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction, or as the Supreme Court has put it, to 'scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). Thus, "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

As relevant here, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). An LLC defendant must therefore allege the citizenship of all of its members. *See* Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable J. P. Boulee § III(e) ("For a limited liability company ("LLC"), . . . the plaintiff or removing defendant must list each member of the LLC . . . and provide specific factual allegations to support the citizenship of each member of the LLC or unincorporated entity.") (citing *Rolling Greens*, 374 F.3d at 1022; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). If a member of an LLC is a corporation, then the corporation's state of organization and principal place of business must be alleged. *See* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business"). In short, "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *RES-GA Creekside Manor, LLC v. Star*

*Home Builders, Inc.*, No. 2:10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011).

Here, Defendants were required to allege the state of incorporation and the principal place of business of Dickinson and Velocity Corp. in order to sufficiently allege their citizenship. This is one of several deficiencies Geckler identifies in Defendants' amended notice of removal. Due to at least the failure to fully allege the citizenship of Dickinson and Velocity Corp., Defendants have failed to carry their burden of proving that diversity jurisdiction exists here. The Court notes that pursuant to the Eleventh Circuit Court of Appeals' opinion in *Corp. Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009), the Court gave Defendants an opportunity to correct any deficiencies in their amended notice of removal. Defendants, however, did not use the opportunity.

For all of these reasons, the Court **GRANTS** Geckler's Motion (ECF No. 4). This matter is hereby **REMANDED** to the Superior Court of Fulton County. The Clerk is **DIRECTED** to terminate all pending motions and close the case.

**SO ORDERED** this 20th day of December, 2022.

_____
J. P. BOULEE
United States District Judge